UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| | : | |
| $595,754.27 IN UNITED STATES | ; | |
| CURRENCY, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |
| | : | |
| [CLAIMANT:  FAROOQ GHIAS] | : | October 9, 2019 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, John

H. Durham, United States Attorney for the District of Connecticut, and David C. Nelson,

Assistant United States Attorney, and respectfully states that:

1.    This is a civil action in rem brought to enforce the provision of 18 U.S.C. §

981(a)(1)(C), which provides for the forfeiture of proceeds traceable to wire fraud, in violation of

18 U.S.C. § 1343; and the laundering of proceeds from wire fraud, in violation of 18 U.S.C. §

1956.

2.    This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and

1355.  Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3.    The Defendant is $595,754.27 in United States Currency ("Defendant Currency").

4.    The Defendant Currency is located within the jurisdiction of this Court.

**Background of Investigation**

5.      Numerous schemes were identified during an investigation which involved extortion, email compromise, and an apparent romance scam.  In May of 2017, cooperating victim (CV-1), and resident of Connecticut, was targeted by this scheme.  CV-1 received an email from "Hassan Omar" (ho40898@gmail.com) stating a payment of ten thousand dollars needed to be received in order to prevent the murder of CV-1.  On or about, May 8, 2017, the Vernon Police Department initiated an investigation into the user of email account "ho40898@gmail.com" using an undercover email account ("undercover account").  On or about May 9, 2017, the Vernon Police Department received an email from the "ho40898@gmail.com" account instructing them to deposit ten thousand dollars into CitiBank Account XXXXXXX4084, held in the name of Farooq Ghias (hereinafter referred to as the "Ghias Account").   On or about May 19, 2017, the undercover account received an additional email from "Omran Saleh" (omransaleh51@gmail.com) directing the deposit of forty thousand dollars to the Ghias Account in order to avoid being murdered.

6.      On or about July 26, 2017, the Vernon Police Department received an affidavit from Connecticut Attorney James Townsend.  The affidavit revealed an email compromise during a real estate transaction being handled by the firm.  On or about May 9, 2017, a wire transfer authorization was received, purporting to be from a second cooperating victim ("CV-2"), which directed that the funds for the sale of a property be wired to an account in the name of CV-2 and "High Energy Hangout LLC."  On or about May 10, 2017, the bank wired $373,975.97 from the firm's client funds account to the account in the name of CV-2 and "High Energy Hangout LLC" to Citibank account XXXXX2018.  On or about, May 23, 2017, CV-2 advised

Attorney Townsend that he had not received the wire transfer associated with the real estate transaction.  Attorney Townsend determined that: (1) the firm's staff member had been communicating with someone pretending to be CV-2 and (2) CV-2 had, at the same time, been communicating with someone pretending to be associated with the firm.  Upon review of the XXXXX2018 Citibank account, Citibank revealed the person or persons affiliated with the "High Energy Hangout LLC" bank account transferred the sum of $149,800.00 to the Ghias Account over three separate transactions which occurred on May 11, 2017, May 15, 2017, and May 18, 2017.

7.    On or about August 15, 2018, a telephonic interview of CV-3 was conducted.  CV-3 was the apparent victim of what is commonly known as a "romance scam," which is a confidence trick involving feigned romantic intentions towards a victim, gaining their affection, and then using that goodwill to manipulate the victim into furthering the fraudulent scheme. Victims are manipulated to deposit such funds into bank accounts under the belief the accounts are for the direct benefit of their romantic partner but are in fact simply "mule" accounts that are designed as vehicles to move the proceeds of the fraud from multiple victims to ultimately benefit the fraudulent actors.

8.    CV-3 had created an online profile at OurTime.com, an online dating site designed to match individuals over fifty years old based upon similar profiles and interests.  CV-3 was matched to profiles of other users, including an individual identified as "David Parish."  "Parish" purported to be working overseas and informed CV-3 that he had lost his wallet and needed money sent.

9.    CV-3 was instructed to wire transfer money to the Ghias Account and CV-3 followed Parish's instruction.  In April of 2017, CV-3 sent $29,386.00 to the Ghias Account for the benefit of Parish.  The source of the funds was CV-3's personal savings.

10.   After continued requests for additional funding, CV-3 realized they had been tricked and ceased sending money to "Parish."  CV-3 has realized a loss in excess of $100,000.00 and has expressed embarrassment and humiliation as a result of being victimized in this fraudulent scheme.

11.   On July 5, 2018, an interview of Ghias was conducted.  In September of 2016, Ghias entered into a real estate contract with "CHOTANI" for the sale of a family property located in Pakistan.  "CHOTANI" was provided the Ghias Account information in order to wire transfer the agreed upon sale price of approximately $1.15 million dollars.  In March of 2017, the Ghias Account began to receive transfers, which Ghias believed to be associated with the sale of the property.  Citibank records show from March 20, 2017, through May 24, 2017, approximately twenty-eight transfers into the Ghias Account occurred which totaled approximately $740,967.75.  These transfers originated from multiple individuals whom Ghias acknowledged he did not know nor have any business affiliations with.  Included in these transfers were those made by CV-2 and CV-3.  CV-1 and the Vernon Police Department never transferred monies into the Ghias Account.

12.   Based on the training and experience of law enforcement officers, they know that individuals engaged in wire fraud and money laundering activities use funnel accounts to move and layer illicit proceeds for the purpose of concealing and disguising the true nature and source of the funds.  It is also known that the rapid movement of funds though unwitting victims' accounts is a common technique used by criminal organizations to funnel illegal proceeds and

4

avoid detection by law enforcement.  The activities outlined above represent an attempt to launder wire fraud proceeds and funnel illicit proceeds derived from an internet-based fraud scheme.

13.     On May 26, 2017, via a State of Connecticut seizure warrant, the Vernon Police Department seized the Ghias Account.  At the time of seizure, the Ghias Account held $767,506.59.  The Vernon Police Department returned $171,752.32 to CV-2.  The remaining money the Vernon Police Department seized from the Ghias Account is $595,754.27.

14.     On July 12, 2019, the United States executed a federal seizure warrant signed by Magistrate Judge Holly B. Fitzsimmons and seized the Defendant Currency from the Vernon Police Department.

## Conclusion

15.  Based upon the foregoing, information described above, the $595,754.27 in account number XXXXXXXXX4084, held in the name of Farooq Ghias, seized from CitiBank by the Vernon Police Department, and subsequently seized by the United States, was obtained by devising or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice in violation of 18 U.S.C. Section 1343 and are therefore, subject to forfeiture pursuant to 21 U.S.C. Section 981(a)(1)(C).

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for $595,754.27 in United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the

property to be condemned and forfeited to the United States of America for disposition according

to law; and that the United States of America be granted such other relief as this Court may deem

just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

    /s/ John B. Hughes
JOHN B. HUGHES
CHIEF, CIVIL DIVISION
ASSISTANT U. S. ATTORNEY


*/s/ David C. Nelson*
DAVID C. NELSON
ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. ct25640
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT  06510
(203) 821-3700
(203) 773-5373 (fax)
David.C.Nelson@usdoj.gov

<u>DECLARATION</u>

I am a Special Agent for the United States Department of Homeland

Security/Homeland Security Investigations, and the agent assigned the responsibility for this

case.  I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the

statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of October, 2019.

_/s/ Christopher Evans_
CHRISTOPHER EVANS
SPECIAL AGENT
U.S. DEPARTMENT OF HOMELAND
SECURITY